## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WAEV INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 1:24-cv-02004-RCL |
| UNITED STATES DEPARTMENT | ) | |
| TREASURY, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S UNOPPOSED MOTION TO DISMISS
## THE COMPLAINT AS MOOT

Plaintiff Waev Inc. moves to dismiss the complaint in the above-captioned action. Counsel for Waev Inc. consulted with counsel for Defendants and was informed that Defendants do not object to the relief requested. In support of this motion, Plaintiff states the following:

1.  Plaintiff filed this action on July 10, 2024, challenging the Final Rule, "Clean Vehicle Credits Under Sections 25E and 30D; Transfer of Credits; Critical Minerals and Battery Components; Foreign Entities of Concern." 89 Fed. Reg. 37,706 (May 6, 2024) ("Final Rule").

2.  On July 3, 2024, Plaintiff filed a separate action, *Waev Inc. v. Environmental Protection Agency*, Case No. 24-1232 in the U.S. Court of Appeals for the District of Columbia Circuit (the "D.C. Circuit action").

3.  The D.C. Circuit action challenged a 1974 U.S. Environmental Protection Agency ("EPA") regulation that included a definition of the term "motor vehicle." That regulatory definition is of central relevance to Plaintiff's complaint in this action. *See* ECF No. 1,

Complaint ¶¶ 29, 32–34, 37, 40–46.

4.  The Final Rule specified which vehicles qualify for certain federal tax credits under the Inflation Reduction Act of 2022, and it limited new clean vehicle tax credits to those vehicles "treated as [] motor vehicle[s] for purposes of Title II of the Clean Air Act." 89 Fed. Reg. at 37,707. The Final Regulation excluded low-speed vehicles from Title II of the Clean Air Act and determined that those vehicles do not qualify for the new clean vehicle tax credits.

5.  Following publication of the Final Rule, President Trump signed into law a budget reconciliation bill known as the One Big Beautiful Bill Act ("OBBB"), Pub. L. No. 119-21, on July 4, 2025. Section 70502 of the OBBB terminates the new clean vehicle tax credits for vehicles purchased or leased after September 30, 2025.

6.  Passage of the OBBB and the imminent expiration of the tax credit program that was of central importance in this action now renders this action moot. An action "is moot when the issues presented are no longer live." *Larsen v. U.S. Navy*, 525 F.3d 1, 3 (D.C. Cir. 2008).

7.  Waev Inc. filed a motion dismiss the D.C Circuit action on August 22, 2025. The D.C. Circuit Clerk of Court granted Waev Inc.'s motion and dismissed the D.C. Circuit action on the same day. *See* Order, *Waev Inc. v. Environmental Protection Agency*, Case No. 24-1232 (Aug. 22, 2025), attached as Exhibit A.

8.  Because the OBBB ends the new clean vehicle tax credits and because the D.C. Circuit action is now dismissed, this Court cannot award any effectual relief to the prevailing party and, consequently, the case is moot. *Larsen*, 525 F.3d at 4 (finding case is moot because the Navy had "already eliminated" the challenged policy and "any injunction or order

declaring it illegal would accomplish nothing"); *see also Givens v. Bowser*, 111 F.4th 117, 121 (D.C. Cir. 2024).

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion and dismiss this action as moot.


DATED:  September 22, 2025                    Respectfully submitted,


                                             /s/ *Justin A. Savage*
                                             Justin A. Savage, Bar No. 466345
                                             Nathan E. Clukey, Bar No. 461535
                                             SIDLEY AUSTIN LLP
                                             1501 K. Street, N.W.
                                             Washington, DC 20005
                                             (202) 736-8000
                                             jsavage@sidley.com
                                             nclukey@sidley.com

                                             *Counsel for Waev Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was electronically filed on September 22, 2025, with the Clerk of the Court using the CM/ECF system, which will send a notification to the attorneys of record in this matter who are registered with the CM/ECF system.

/s/ *Justin A. Savage*
Justin A. Savage